**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **Lincoln National Life Insurance Company,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| **Transamerica Financial Life Insurance** | ) | |
| **Company, Transamerica Life Insurance** | ) | |
| **Company, Western Reserve Life Assurance** | ) | |
| **Company of Ohio, Monumental Life Insurance** | ) | |
| **Company, Merrill Lynch Life Insurance** | ) | |
| **Company, and ML Life Insurance Company** | ) | **Case No. 1:08-CV-135-JVB-RBC** |
| **of New York,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| **Transamerica Financial Life Insurance** | ) | |
| **Company, Transamerica Life Insurance** | ) | |
| **Company, Western Reserve Life Assurance** | ) | |
| **Company of Ohio, Monumental Life Insurance** | ) | |
| **Company, Merrill Lynch Life Insurance** | ) | |
| **Company, and ML Life Insurance Company** | ) | |
| **of New York,** | ) | |
| | ) | |
| **Defendants/Counterclaim Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Lincoln National Life Insurance Company,** | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

This case began on May 20, 2008, when Plaintiff Lincoln National Life Insurance

Company ("Lincoln") brought this action against Defendants Transamerica Financial Life

Insurance Company, Transamerica Life Insurance Company, Western Reserve Life Assurance

Company of Ohio, Monumental Life Insurance Company, Merrill Lynch Life Insurance Company, and ML Life Insurance Company of New York (collectively, "Transamerica"), alleging that they had infringed Lincoln's patent-in-suit, U.S. Patent No. 7,376,608 ("'608 Patent"), which claims "a computerized method for administering annuity products." (Docket # 1.)

On February 25, 2009, Transamerica moved to stay the case for ninety days and until the U.S. Patent and Trademark Office ("PTO") renders a decision on whether to grant Transamerica's request for *inter partes* reexamination of the '608 Patent.[1] (Docket # 81.) The matter has been fully briefed, and oral argument on the motion was heard on April 23, 2009.[2] (Docket # 97.) For the reasons provided, Transamerica's motion for a ninety-day stay will be GRANTED.

**I. Background**

Lincoln and Transamerica are engaged in a series of patent infringement lawsuits stemming from the fact that Lincoln holds various patents that touch upon the features of certain annuity products with guaranteed withdrawal payments, currently popular items within the insurance industry. Perhaps most pertinent for our purposes is the related patent, U.S. Patent No. 7,089,201 (the "'201 Patent"), which is currently the subject of a pending lawsuit in the Northern

---

[1] Transamerica's reexamination request was promptly re-filed on March 23, 2009, to address a procedural problem identified by the PTO, and is proceeding. Consequently, the Court need not address Lincoln's suggestion that the motion was rendered moot by the PTO's initial rejection.

[2] At the hearing, the parties also raised the issue of whether a stay is warranted based upon the Supreme Court's potentially granting *certiorari* in *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008) (addressing the patentability of business method patents), *petition for cert. filed*, 77 U.S.L.W. 3442 (U.S. Jan. 18, 2009) (No. 08-964), and the Court established an additional briefing schedule on that issue at the hearing. (Docket # 97.) Based on the determination *infra*, however, the Court does not need to reach the issue of whether a stay should be entered in light of *Bilski*, and thus the additional briefing schedule established at the April 23 hearing is VACATED.

District of Iowa and, as Lincoln hastens to point out, the subject of a recent favorable $13.1 million jury verdict against Transamerica.[3] *See Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. 1:06-cv-110 (N.D. Iowa filed Aug. 8, 2006).

Until the recent motion, this case was proceeding on a track that would eventually resolve the scope of disputed claims of the '608 Patent, as well as issues concerning its validity and infringement. For instance, after receiving the Report of the Parties' Planning Meeting ("Report") on August 11, 2008, the Court conducted a scheduling conference on August 13, 2008, that resulted in the Court approving the Report and directing counsel, without objection, to prepare a joint motion to schedule a *Markman* hearing with the presiding District Court Judge for sometime after July 15, 2009, the agreed-upon date for the conclusion of claim construction briefing. (Docket # 38, 39.) Leading up to the *Markman* hearing, Lincoln was to submit preliminary infringement contentions by December 2, 2008, and by January 15, 2009, Transamerica agreed to disclose detailed alleged prior art and preliminary invalidity contentions. Eventually the *Markman* hearing was set for July 9, 2009, and it remains on the Court's calendar.[4] (*See* Docket # 98.) Indeed, on April 23, 2009, the parties submitted a joint claim interpretation chart concerning the one independent claim of the '608 Patent and the thirteen dependant claims. (Docket # 99.)

In the meantime, on November 13, 2008, Transamerica filed a motion to amend its

---

[3] The verdict in the Iowa case is currently undergoing review under Federal Rule of Civil Procedure 50(b), and no judgment has been entered. That court, however, is expected to rule promptly on the post-verdict motions, including whether to issue a permanent injunction against Transamerica. If an injunction is entered, it likely would extend, either legally or practically, to Transamerica's conduct that touches upon the method described in the '608 Patent.

[4] Only minor changes have been made to the schedule since the Report was approved.

previous answer to allege inequitable conduct arising from Lincoln's alleged failure to submit relevant prior art references to the claims examiner during the prosecution of the '608 Patent. (Docket # 53.) Transamerica's motion is supported by documents produced not only in this case, but also discovery materials produced in the Iowa case and another related pending patent case between these parties that similarly involves annuities with guaranteed withdrawal benefits. *See Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, Cause No. 1:04-CV-396 (N.D. Ind. filed Oct. 21, 2004). That contested motion remains pending.

Also pending in this Court is a full-blown patent case involving the Lincoln patents. *See Lincoln Nat'l Life Ins. Co. v. Jackson Nat'l Life Ins. Co.*, No. 1:07-cv-265 (N.D. Ind. filed Oct. 30, 2007). In that case, unlike this one, the *Markman* briefing has been completed, and it awaits ruling. Moreover, the *Jackson National* case contains a challenge to the patentability of the patents under 35 U.S.C. § 101 and *Bilski*, and those issues likewise remain pending.

As noted earlier, on February 25, 2009, Transamerica filed a request with the PTO for reexamination of the '608 Patent based on at least six instances of prior art that were not considered by the PTO before the '608 Patent was issued.[5] On that same day, Transamerica filed the instant motion, requesting a ninety-day stay because it is highly probable that the PTO will decide to grant Transamerica's request for *inter partes* reexamination of the '608 Patent.

## II. Legal Standard

This Court has the inherent power to manage its docket, including the decision whether to stay proceedings in an infringement suit pending conclusion of a PTO reexamination of an

---

[5] A similar reexamination request was made for the closely related '201 Patent, presumably because of substantial new questions about the patentability of the claimed subject matter. *See* 35 U.S.C. §§ 302-307; 37 C.F.R. § 1.510. Although Transamerica sought a similar stay in the Iowa case, the Court denied the request. (*See* Lincoln Br. Ex. 2.)

issued patent. *Procter & Gamble Co. v. Kraft Foods Global, Inc*., 549 F.3d 842, 849 (Fed. Cir. 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The power is not unlimited in that a stay should not be indefinite or otherwise excessive. *Fellowes, Inc. v. Aurora Corp. of Am.*, No. 07 C 7237, 2009 WL 330085, at *1 (N.D. Ill. Feb. 10, 2009) (citing *Gould v. Control Laser Corp*., 705 F.2d 1340, 1341 (Fed. Cir. 1983)). "However, if a substantial issue of patentability is raised in the reexamination matter, a stay is [a] viable mechanism to prevent wasted effort." *Id*. (citing *Procter & Gamble*, 549 F.3d at 849).

Various principles have been considered in deciding whether to stay litigation pending PTO reexamination, but they generally involve: (1) whether the litigation is at an early stage, *Seaquist Closures LLC v. Rexam Plastics*, No. 08C0106, 2008 WL 4691792, at *1 (E.D. Wis. Oct. 22, 2008) (citing *EchoStar Techs. Corp. v. TiVo, Inc*., No. 5:05 CV 81 DF, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006)), or whether a stay will reduce the burden of litigation on the parties and the court, *Baxter Int'l, Inc., v. Fresenius Med. Care*, No. 08 C 2389, 2008 WL 4395854, at *3 (N.D. Ill. Sept. 25, 2008) (citing *Arrivalstar S.S. v. Canadian Nat'l Ry. Co.*, No. 08 C 1086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008)); (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, and (3) whether a stay will simplify the issues in question and streamline the trial. *Id.*

With these principles in mind, the Court turns to Transamerica's motion.

### III. Discussion

The parties dispute whether this case is at an early stage, and while that phrase can have different meanings, courts often look to whether discovery is complete and a trial date set. *Tesco Corp. v. Weatherford Int'l, Inc*., No. H-08-2531, 2009 WL 529212, at *5 (S.D. Tex. Feb. 24,

5

2009); *Wall Corp. v. Bonddesk Group, LLC*, No. 07-844 GMS, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009). Clearly, discovery is not complete and indeed, expert discovery will not even begin until next month at the earliest. Moreover, no trial date has been set, and one is unlikely until a *Markman* ruling or perhaps even beyond that, given that the Court may first wish to rule on an anticipated summary judgment motion. Therefore, in absolute as well as relative terms (relative to the other litigation involving this and other Lincoln annuity patents), this case is in its relative infancy.

Joined in this analysis is the virtually uncontested proposition that the reexamination process at the PTO will be considerably less expensive, and certainly more straightforward than the multi-week jury trial that is the alternative. Moreover, such a trial can only go forward after this Court has addressed all of the expected motions surrounding the various claims and defenses that already appear on the horizon. Indeed, if the reexamination proceeds as Transamerica suggests (or at least, hopes), it could obviate the need for virtually any further Court involvement. Therefore, these factors suggest a stay should be granted.

Lincoln's argument concerning undue prejudice and tactical disadvantages arising from a stay center mainly on the view that the reexamination process will take years to complete, all while Transamerica continues its allegedly infringing activities to Lincoln's detriment. Transamerica does not dispute the fact that the *inter partes* reexamination of the '608 Patent will take at least that long, but emphasizes that in the context of the current litigation, undue prejudice will not be visited upon Lincoln when all factors are considered.

More to the point, Transamerica observes that it is mounting a significant challenge to the '608 Patent in its reexamination request by advancing at least six prior art references that

previously went unexamined at the PTO, along with 8,000 pages of material. If prior cases are any guide, it can reasonably be expected that the reexamination process will be concluded in two to three years. If the patent is cancelled, and the cancellation is upheld on appeal, as Transamerica would urge, then the prejudice to Lincoln would be non-existent. If, on the other hand, the '608 Patent withstands challenge, then Lincoln can proceed with this lawsuit for any damages that accrued in the interim. *Seaquist Closures*, 2008 WL 4691792, at *2. Moreover, to the extent Lincoln advances the need for injunctive relief that can practically be obtained as noted earlier, *supra* note 3, through the Iowa District Court case if the Court there deems such relief appropriate. Consequently, this factor too contemplates that a stay should be entered.

Finally, it is virtually undeniable that a stay followed by a PTO reexamination will simplify the issues in the case and streamline the proceedings. For example, if the PTO invalidates the one independent claim of the '608 Patent, the case will be completely resolved; if the claim is amended, infringement contentions and invalidity contentions would likely be affected, meaning too that the recently-filed claims chart would need to be amended. *Tesco Corp.*, 2009 WL 529212, at *3. As has been observed, under these circumstances a stay may be appropriate to avoid duplicative or contradictory rulings concerning validity. *Id*. at *4.

Therefore, since it is at least statistically likely that the one independent claim of the '608 Patent will be affected, *Seaquist Closures*, 2008 WL 4691792, at *1, and given that any result at the PTO will be binding, *id*. (citing 35 U.S.C. § 315(c)), it follows that the reexamination will likely simplify these proceedings. *See Wall Corp.*, 2009 WL 528564, at *1. Moreover, now is the time to issue a stay, before the Court enters the tangle of a *Markman* hearing and seeks to interpret a claim that may ultimately be deemed invalid or subject to amendment. In short, the

Court wishes to invest its resources prudently, and if possible, only once.

Consequently, since all of the factors suggest that a stay should be entered for ninety days, by which time the PTO will likely decide whether to grant or deny Transamerica's reexamination request, the motion to stay will be granted.[6]

### IV. Conclusion

For the foregoing reasons, Plaintiff Transamerica's Motion to Stay Litigation Pending Decision of Patent and Trademark Office to Reexamine Patent-In-Suit (Docket # 81) is GRANTED. This litigation is STAYED until July 24, 2009. This matter is set for a telephone status conference on July 24, 2009, at 10:00 a.m.

SO ORDERED.

Entered this 24th day of April, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[6] Of course, it is also quite probable that other events and not just the PTO's anticipated action, will occur during the stay. For instance, the Supreme Court will decide whether to hear *Bilski*, the Iowa District Court will probably issue rulings that will result in some sort of a judgment, and the leading case here, involving Jackson National, may proceed to a *Markman* ruling. The upshot of this observation is that any one of those events will have a significant impact on this case, and will likely affect whether the stay should be lifted or extended.