UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | CAUSE NO. 1:08-cv-135 |
| ) | |
| TRANSAMERICA FINANCIAL LIFE ) | |
| INSURANCE COMPANY, et. al., ) | |
| ) | |
|     **Defendants.** ) | |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 143.) As the proposed order is insufficient, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). However, the protective order submitted by the parties does not establish a basis for finding good cause. The order provides that: "When any 'Confidential' material is embodied in any document, or attachment thereto, which is ultimately filed with this Court in any pretrial activity, it shall be designated as confidential and shall be maintained under seal. . . ." (Proposed Stipulated Protective Order ¶ 10.) The proposed order is overly broad, as it would allow the parties to seal an entire document based on the existence of one piece of confidential information, rather than redacting the confidential information and filing a redacted version on the record and an unaltered version under seal.

Indeed, if the Court were to approve this order, both parties would be left with a "virtual

carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944. The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, No. 01-1103, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003). Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties. (Docket # 143.)

SO ORDERED.

Enter for this 21st day of October, 2009.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge