# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) ) Case No. 1:08-CV-135-JVB-RBC |
| TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY, et. al. | ) ) ) |
| Defendants/Counterclaim Plaintiffs. | ) ) |

## OPINION AND ORDER

This case began on May 20, 2008, when Plaintiff Lincoln National Life Insurance Company ("Lincoln") sued Defendants Transamerica Financial Life Insurance Company, Transamerica Life Insurance Company, Western Reserve Life Assurance Company of Ohio, Monumental Life Insurance Company, Merrill Lynch Life Insurance Company, and ML Life Insurance Company of New York (collectively, "Transamerica"), alleging that they had infringed Lincoln's patent-in-suit, U.S. Patent No. 7,376,608 ("'608 Patent"), which claims "a computerized method for administering annuity products." (Docket # 1.)

Transamerica filed a motion for summary judgment on August 28, 2009, alleging that under the standard set out in *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008), *cert. granted*, 77 U.S.L.W. 3442 (U.S. Jun. 1, 2009) (No. 08-964), the '608 Patent is invalid for failing to claim patent-eligible subject matter. (Docket # 122.) On September 23, 2009, Lincoln countered with a motion to stay, arguing that the motion for summary judgement should be stayed until thirty

days after the Supreme Court's review of the *Bilski* decision[1] or this Court's *Markman*[2] claim construction hearing. (Docket # 136.) For the reasons provided, Lincoln's motion for a stay will be GRANTED.

In deciding whether to enter a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (ii) whether a stay will simplify the issues in question and streamline the trial; and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Pfizer Inc*. *v*. *Apotex Inc*., 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009); *Tap Pharmaceutical Prods*., *Inc*. *v*. *Atrix Laboratories, Inc*., 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004).

With this standard in mind, Lincoln's arguments in favor of staying the motion for summary judgement are persuasive. To begin, granting the stay will undoubtedly simplify the issues and streamline the trial. The *Bilski* standard on which Transamerica's motion for summary judgment is based has been called into question and may very well be changed. After the Supreme Court issues its *Bilski* opinion, this Court will likely have clear direction on the precise standard to be applied in evaluating the patentability of method claims. With that guidance, the Court will be able to efficiently consider and evaluate Transamerica's argument that the '608 Patent is invalid. *See, e.g*., *Arrivalstar S.S. v. Canadian Nat'l Ry. Co.*, No. 08 C 1086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008) (granting stay pending re-examination

---

[1] The Supreme Court heard oral argument on November 9, 2009, and the parties generally agree that a decision is likely in the early part of 2010. (*See* Docket # 147, Ex. B at 5.)

[2] The *Markman* Hearing, *see Markman v. Westview Instruments, Inc*., 517 U.S. 370 (1996) (construction of patent, including terms of art within claim, is exclusively within province of the court and not the jury), is the process by which the Court hears evidence from all parties on the meaning of the patent claims, construes the meaning of the claims, and defines their scope.

to await "PTO's expertise").

Similarly, the Court will be better able to evaluate the validity of the '608 Patent after the *Markman* claim construction hearing. That hearing will construe the '608 Patent claims and define the scope of the patent grant. To consider a motion for summary judgment before the *Markman* hearing is concluded would force the Court to consider the patentability of claims whose scope has not yet been determined. This would certainly not simplify the issues and streamline the trial.

Furthermore, staying the motion for summary judgment will reduce the burden placed on the parties and the court. The outcomes of both the *Bilski* ruling and the *Markman* hearing will directly affect the pending motion for summary judgment, requiring perhaps further briefing or even withdrawal. Forcing Lincoln to respond to a motion for summary judgment that is based on a legal standard under review by the Supreme Court would result in a heavy burden of time and money. *Cf. Baxter Int'l, Inc., v. Fresenius Med. Care*, No. 08 C 2389, 2008 WL 4395854, at *3 (N.D. Ill. Sept. 25, 2008) (granting stay until after PTO re-examination). Likewise, analyzing the validity of patent claims whose scope has not yet been determined places a heavy (but avoidable) burden on the Court. Consequently, this factor too suggests that a stay should be entered.

Finally, the risk of unfair prejudice to Transamerica is slight and is certainly outweighed by the interests of justice and judicial economy. A stay will not deprive Transamerica of its ability to contest the '608 Patent through a motion for summary judgment. Rather, putting the issue on hold will simply ensure that the motion is considered under the correct legal standard and perhaps with the benefit of a concluded *Markman* hearing. Although Transamerica does

face some minimal prejudice merely by virtue of the litigation continuing, the overwhelming interest in having the case resolved in the context of the correct legal standard far outweighs this burden. *See Arrivalstar S.S.*, 2008 WL 2940807, at *2.

The Court therefore finds that the factors overwhelmingly support Lincoln's request to stay Transamerica's motion for summary judgment. Accordingly, the Court will stay the motion for summary judgment until further order, thus giving the Court and the parties maximum flexibility in approaching the issue in the future.

For the foregoing reasons, Plaintiff's Motion (Docket # 136) is GRANTED and, accordingly, the Defendant's Motion for Summary Judgement (Docket # 122) is STAYED until further order.

Entered this 12th day of February, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge